# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT C. ASHE and JEFFREY S. GOHN, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>          v.<br><br>ARROW FINANCIAL CORPORATION, THOMAS J. MURPHY, PENKO K. IVANOV, and EDWARD J. CAMPANELLA,<br><br>                      Defendants. | **Case No. 1:23-cv-00764-AMN-DJS**<br><br>**CLASS ACTION** |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Stipulation"), dated as of June 7, 2024, which is entered into by and among (a) Lead Plaintiff Robert C. Ashe ("Lead Plaintiff") and Plaintiff Jeffrey S. Gohn ("Plaintiff" and, together with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined herein); and (b) Defendants Arrow Financial Corporation ("Arrow" or the "Company"), Thomas J. Murphy ("Murphy"), Penko K. Ivanov ("Ivanov"), and Edward J. Campanella ("Campanella" and, together with Murphy and Ivanov, the "Individual Defendants," and together with Arrow, "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Northern District of New York (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.    The Action**

On June 23, 2023, Robert C. Ashe filed an original complaint commencing this Action. Dkt. No 1.[1] On August 22, 2023, Lead Plaintiff filed a motion for appointment as lead plaintiff, and approval of lead counsel. Dkt. No. 5. By Order dated September 28, 2023, the Court appointed Robert C. Ashe as Lead Plaintiff and Pomerantz LLP ("Pomerantz") as Lead Counsel for the putative class. Dkt. No. 15.

On December 5, 2023, Plaintiffs filed an Amended Class Action Complaint (the "Amended Complaint") against the Defendants and added Plaintiff Jeffrey S. Gohn to the Action. Dkt. No. 25. The Amended Complaint asserted claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Amended Complaint alleged, among other things, that during the Settlement Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (i) Arrow maintained defective disclosure controls and procedures and internal controls over financial reporting; (ii) the foregoing increased the risk that the Company could not timely file one or more of its periodic financial reports with the SEC as required by the NASDAQ's listing requirements; (iii) accordingly, Arrow was at an increased risk of being delisted from the NASDAQ; and (iv) following the disclosure of deficiencies in the Company's disclosure controls and procedures and

---

[1] Unless otherwise specified, references to "Dkt. No. __" refer to the docket in the above-captioned action, defined as the "Action" below: *Ashe v. Arrow Financial Corporation et al.*, No. 1:23-cv-00764-AMN-DJS (N.D.N.Y)

internal controls over financial reporting, Arrow downplayed the severity of these issues and the associated risks. The Amended Complaint alleged that Arrow's stock price was artificially inflated as a result of these alleged false and misleading statements, and that Arrow's stock price declined when the truth regarding the alleged misrepresentations was revealed.

On February 9, 2024, Defendants served a motion to dismiss the Amended Complaint. Dkt. No. 31. Among other things, Defendants argued that there were no materially misleading or false statements or omissions made during the alleged class period. Defendants also argued that Plaintiffs failed to adequately plead any actionable misstatement or omission and failed adequately to allege scienter. *Id.*

### B.    The Settlement

On April 22, 2024, before Plaintiffs filed an opposition to Defendants' motion to dismiss, the Parties reached an agreement in principle to settle the Action for a payment of $850,000 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers.

### C.    Defendants' Denial of Wrongdoing and Liability

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, among other things, any wrongdoing or liability of any kind, including without limitations the allegations and claims that have been or could have been asserted by Plaintiffs, as well as the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit. Defendants

have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever. Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law and applicable industry standards, and that they have meritorious defenses to all claims alleged in the Action.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Released Defendant Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

**D.     Claims of Plaintiffs and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also considered the uncertain outcome and the risk of continued litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, including during summary judgment, class certification, and trial. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by Plaintiffs with respect to the merits of any of Defendants' defenses.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled, and released, the Action shall be dismissed fully, finally, and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1.    **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.    "Action" means the putative class action captioned *Ashe v. Arrow Financial Corporation et al.*, No. 1:23-cv-00764-AMN-DJS (N.D.N.Y.).

1.2    "Administrative Costs" means all reasonable costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the Summary Notice, the costs of printing and mailing, and/or emailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 8.2) to the Authorized Claimants. Such costs do not include legal fees.

1.3    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

5

1.4. "Award to Plaintiffs" means the requested award to Plaintiffs to compensate them for their time and contributions to the Action, and for their reasonable costs and expenses (including lost wages), directly related to Plaintiffs' representation of the Settlement Class in the Action.

1.5 "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

1.6 "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.7 "Claims" means any and all manners of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, statute, or regulation.

1.8 "Claims Administrator" means Strategic Claim Services, Inc. ("SCS"), which shall administer the Settlement.

1.9 "Defendants" means Arrow and the Individual Defendants.

1.10 "Defense Counsel" means O'Melveny & Myers LLP.

**1.11**     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.12**     "Escrow Agent" means Huntington National Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.13**     "Effective Date" shall have the meaning set forth in ¶11.3 of this Stipulation.

**1.14**     **"Final"** when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶6.1, or shall affect or delay the date on which the Final Judgment becomes Final.

**1.15**     "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as **Exhibit B**.

**1.16**     "Lead Counsel" means Pomerantz LLP.

**1.17**    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as **Exhibits A-1**.

**1.18**    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members that have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.19**    "Person" means any natural or legal person, including without limitation (i) any individual, corporation (including all divisions and subsidiaries), fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and (ii) each of their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.20**    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Defendant Parties shall have no responsibility, involvement, interest, or liability whatsoever with respect thereto.

**1.21**    "Plaintiffs" means Lead Plaintiff Robert C. Ashe and Plaintiff Jeffrey S. Gohn.

**1.22**    "Plaintiffs' Counsel" means Lead Counsel, who, performed services on behalf of Plaintiffs and the Settlement Class in the Action.

**1.23**    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class, materially in the form attached hereto as **Exhibit A**.

**1.24**    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as **Exhibit A-2**.

**1.25**    "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former, and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

**1.26**    "Released Claims" means the Released Defendants' Claims and the Released Plaintiffs' Claims, collectively.  "Released Claims" includes "Unknown Claims" as defined in ¶1.44 hereof.

**1.27**    "Released Defendants' Claims" means and includes any and all Claims, Released Claims, and Unknown Claims (as defined herein) that could have been asserted against any of the Released Plaintiff Parties arising out of, based upon, or relating in any way to the initiation, prosecution, or settlement of the Action. Notwithstanding the foregoing, "Released Defendants' Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.28   "Released Defendant Parties" means Arrow, Murphy, Ivanov, and Campanella, Defense Counsel, and each and all of their respective Related Parties.

1.29   "Released Parties" means any and all Released Defendant Parties and Released Plaintiff Parties.

1.30   "Released Plaintiffs' Claims" means and includes any and all Claims, Released Claims, and Unknown Claims (as defined herein) that have been or could have been asserted by or on behalf of any of the Releasing Plaintiff Parties, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Arrow securities during the Settlement Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures). Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include: (i) claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement; or (ii) claims asserted derivatively on behalf of the Company in *Bull v. Murphy et al.*, No. 1:23-cv-01566-DJS, pending in the U.S. District Court for the Northern District of New York.

1.31   "Released Plaintiff Parties" means Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and each and all of their respective Related Parties.

1.32   "Releasing Parties" means any and all Releasing Defendant Parties and Releasing Plaintiff Parties.

**1.33** "Releasing Defendant Parties" means and includes all Defendants and any persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors, employees, members, partners, principals, controlling shareholders, consultants, accountants, attorneys, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, joint ventures, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, divisions, related entities, beneficiaries, heirs, successors, predecessors, assigns, attorneys, agents, advisors (including financial or investment advisors), auditors, any of their respective insurers or reinsurers, and any of their respective predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees.

**1.34** "Releasing Plaintiff Parties" means and includes all Plaintiffs, each and every member of the Settlement Class, and any persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors, employees, members, partners, principals, controlling shareholders, consultants, accountants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, joint ventures, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, divisions, related entities, beneficiaries, heirs, successors, predecessors, assigns, attorneys, agents, advisors (including financial or investment advisors), auditors, any of their respective insurers or reinsurers, and any of their respective predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees.

**1.35** "Settlement" means the settlement contemplated by this Stipulation.

11

**1.36**     "Settlement Amount" means the sum of $850,000 (eight hundred and fifty thousand U.S. dollars). The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Awards to Plaintiffs (as allowed by the Court), as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

**1.37**     "Settlement Class" means all Persons and entities other than Defendants that purchased or otherwise acquired Arrow securities between August 6, 2022 through May 12, 2023, both dates inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

**1.38**     "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.39**     "Settlement Class Period" means the period from August 6, 2022 through May 12, 2023, both dates inclusive.

**1.40**     "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.41**     "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable, and adequate, and, therefore, should receive final approval from the Court.

1.42    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants and Plaintiffs (on behalf of themselves and the Settlement Class).

1.43    "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement, substantially in the form attached hereto as **Exhibit A-3.**

1.44    "Unknown Claims" means and includes any and all Released Claims which any of the Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to whether or not to object to this Settlement or seek exclusion from the Class. The Releasing Parties agree that, upon the effective date of the Settlement, the Releasing Parties shall expressly waive and will be deemed to have waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Parties shall expressly waive, and shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Parties acknowledge that they may discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasing Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Party shall be deemed to have waived, compromised, settled,

discharged, extinguished, and released, and upon the effective date of the Settlement, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties shall acknowledge, and the Releasing Parties shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

2.    **The Settlement Consideration**

2.1    In consideration of the full and final release, settlement, and discharge of all Released Plaintiffs' Claims against the Released Defendant Parties, Defendants agree to pay, or cause the payment of, the Settlement Amount to be funded, by wire transfer or check, into the Escrow Account within twenty-one (21) calendar days after entry of the Preliminary Approval Order, provided that Lead Counsel or the Escrow Agent has provided Defense Counsel with complete wire and transfer information and instructions and a completed Form W-9.

2.2    Under no circumstances will Defendants or any of their insurers, or their respective agents or affiliates, be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any

Settlement Class Member or Plaintiffs' Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

**3.      Handling and Disbursement of Funds by the Escrow Agent**

3.1      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)      As provided in ¶3.4 below;

(b)      As provided in ¶8.2 below;

(c)      As provided in ¶11.9 below, if applicable; and

(d)      To pay Taxes and Tax Expenses (as defined in ¶4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties. Defendants, their counsel, their insurers, and the other Released Defendant Parties shall have no responsibility for, involvement, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent..  All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

        **3.3**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel for Defendants.

        **3.4**     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $125,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

    **4.**    **Taxes**

        **4.1**     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)      For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)      All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel (including Defense Counsel), their insurers, and the other Released Defendant Parties shall have no responsibility for, involvement, interest in, or any liability whatsoever for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel (including Defense Counsel), their insurers, and the other Released Defendant Parties shall have no responsibility for, involvement, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

5.    **Preliminary Approval Order, Notice Order, and Settlement Hearing**

**5.1**    As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of the Preliminary Approval Order, and approval for the mailing and dissemination of notice. The proposed preliminary approval order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Notice (**Exhibit A-1**); (ii) the Proof of Claim (**Exhibit A-2**); and (iii) the Summary Notice (**Exhibit A-3**). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before they are disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, the dissemination of the Notice, Proof of Claim, or Summary Notice, or for Lead Counsel's proposed Plan of Allocation.

**5.2**    At the time of the submission described in ¶5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the

Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of **Exhibit B** hereto, as promptly after the Settlement Hearing as possible.

      **6.**      **Releases, Injunctions, and Covenants Not to Sue**

      **6.1**    Upon the Effective Date:

      **(a)**    The Releasing Plaintiff Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Parties.

      **(b)**    The Releasing Defendant Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties.

      **(c)**    The Releasing Parties covenant not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties.

(d)    Nothing contained herein shall, however, release or bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment, and nothing herein shall release or bar any claims by Defendant Released Parties for any insurance coverage, indemnity, or advancement.

## 7.    Contribution Bar Order

7.1    The Settling Parties shall request that the Court enter a Contribution Bar Order in the Final Order and Judgment as follows: To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. The foregoing text (beginning with the colon) shall be referred to herein as the "Contribution Bar Order." For avoidance of doubt, nothing in the Contribution Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement by any Defendant.

## 8.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

8.1    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as

circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

       8.2    The Settlement Fund shall be applied as follows:

       **(a)**    To pay the Taxes and Tax Expenses described in ¶4.1 above;

       **(b)**    To pay Administrative Costs;

       **(c)**    To pay Plaintiffs' Counsel's attorneys' fees and expenses with interest, as well as to pay Awards to Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Application"), to the extent allowed by the Court, detailed in ¶9.1 below; and,

       **(d)**    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶8.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

       8.3    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

       8.4    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the insurers. Defendants, Defense counsel, the insurers, and the other Released Defendant Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person

shall have any Claims against Lead Counsel, the Released Defendant Parties, Plaintiffs, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

8.5    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

8.6    To assist in dissemination of notice, Arrow will cooperate in obtaining from Arrow's transfer records information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information"). Provided, however, that nothing herein shall require Arrow to make efforts to identify Settlement Class Members other than record holders. Arrow shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, within twenty (20) calendar days after the execution of this Stipulation and Agreement of Settlement, transfer records in electronic searchable form, such as

Excel, containing the Settlement Class Information. The Settling Parties acknowledge that any information provided to Lead Counsel by Arrow pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

8.7    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, if economically feasible, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.

8.8.    No Person shall have any Claim of any kind against the Released Defendant Parties with respect to the matters set forth in this Paragraph 8, and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

9.    **Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

9.1    Plaintiffs' Counsel may submit a Fee and Expense Application for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses with interest, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Awards to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application.

9.2     Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within fourteen (14) calendar days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within twenty (20) calendar days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

9.3     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

9.4     Any award of attorneys' fees and expenses to Plaintiffs' Counsel or Awards to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement

consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and expenses, or Awards to Plaintiffs, beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶2.1 above. The Released Defendant Parties and their insurers shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 10.    **Class Certification**

10.1    In the Final Judgment, the Settlement Class shall be certified solely for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, the Settling Parties do not agree to any class certification, and all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Plaintiffs' Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## 11.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

11.    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)     entry of a Court order declining to approve this Stipulation in any material respect;

(iii)     entry of a Court order declining to enter the Contribution Bar Order in any material respect;

(iv)     entry of a Court order declining to enter the Final Judgment in any material respect;

(v)     entry of a Court order declining to dismiss the Action with prejudice;

(vi)     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

(vii)     failure on the part of any Settling Party to abide, in any material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in the preceding sentence, ¶11.2, ¶ 11.5, or ¶ 11.6, no Party shall have the right to terminate the Stipulation for any reason.

11.2     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

11.3     The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)** Defendants have not exercised their option to terminate the Settlement pursuant to ¶11.5;

**(b)** The Court has entered **Exhibit A** attached hereto, or an order containing materially the same terms, as the Preliminary Approval Order;

**(c)** The sum of $850,000 (eight hundred and fifty thousand U.S. dollars) has been paid into the Escrow Account, as set forth in ¶2.1;

**(d)** The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(e)** The Court has entered the Contribution Bar Order;

**(f)** The Final Judgment has become Final as defined in ¶1.14; and

**(g)** The Action has been dismissed with prejudice.

**11.4** Upon the occurrence of the Effective Date, any and all interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**11.5** If, prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), or requests for exclusion that are otherwise accepted by the Court, and such Persons in the aggregate purchased Arrow securities during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), then Arrow shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter, the

27

"Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, or if the Court otherwise requests such filing.

**11.6**    Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶2.1. None of the Settling Parties, or any of them individually, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Settling Party engages in a material breach of the terms hereof, any other Settling Party may terminate this Stipulation on notice to all the Settling Parties provided that such Settling Party is in substantial compliance with the terms of this Stipulation.

**11.7**    In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to April 22, 2024, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**11.8**    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**11.9**    In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within twenty (20) calendar days (except as otherwise provided

in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any reasonable Administrative Costs, which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to Defense Counsel, to be held in a client trust account for further distribution as appropriate, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from Defense Counsel. At the request of Defense Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Defense Counsel.

       **11.10**   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

       **12.    No Admission of Liability or Wrongdoing**

       **12.1**   The Settling Parties covenant and agree that neither this Stipulation (including the exhibits hereto), nor the fact of the Settlement, nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption, or concession by any Settling Party or its counsel, any Settlement Class Member, or any of the Released Parties of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or

any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that (i) the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law; and (ii) the Released Parties may file this Stipulation or the Supplemental Agreement and/or the Final Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

13.   **Miscellaneous Provisions**

**13.1**    Except in the event of the filing of a Termination Notice pursuant to ¶¶11.1, 11.2, 11.5, or 11.6 of this Stipulation or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.2**    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.3**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**13.4**    Plaintiffs and Lead Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

**13.5**    This Stipulation, together with the Supplemental Agreement, constitute the entire agreement between the Settling Parties related to the Settlement and supersede any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental

Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

**13.6**    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**13.7**    This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**13.8**    The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**13.9**    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.10**    This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**13.11**    This Stipulation, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**13.12**  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. The Court shall retain exclusive jurisdiction to enforce all injunctions set forth herein.

**13.13**  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties.

**13.14**  Plaintiffs, Plaintiffs' Counsel, Defendants, Defense Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

**13.15**  All agreements by, between, or among the Settling Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.16**  The Settling Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with this Action, the Settlement,

the Stipulation, or the Supplemental Agreement. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

13.17  Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

13.18  The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such other Settling Party's obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

13.19  Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, and the parties agree such filing will be made by June 7, 2024, the Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion of such service. Defendants shall pay the costs of providing CAFA notice.

13.20  The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

13.21   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> If to Plaintiffs or Lead Counsel:
>
> POMERANTZ LLP
> Brenda Szydlo
> 600 Third Avenue, 20th Floor
> New York, New York 10016
>
>
> If to Defendants or Defense Counsel:
>
> O'MELVENY & MYERS LLP
> William J. Sushon
> 1301 Avenue of the Americas, 17th Floor
> New York, New York 10019

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of June 7, 2024.

_/s/ Brenda Szydlo_

**POMERANTZ LLP**

Jeremy A. Lieberman

Brenda Szydlo (admitted *pro hac vice*)

Dean P. Ferrogari (admitted *pro hac vice*)

600 Third Avenue, 20th Floor

New York, NY 10016

Telephone: (212) 661-1100

Facsimile: (917) 463-1044

jalieberman@pomlaw.com

bszydlo@pomlaw.com

dferrogari@pomlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

_/s/ William J. Sushon_

**O'MELVENY & MYERS LLP**

William J. Sushon (Bar Number: 704744)

Javed S. Yunus (Bar Number: 704749)

1301 Avenue of the Americas, 17th Floor

New York, NY 10019

Telephone: (212) 326-2000

wsushon@omm.com

jyunus@omm.com

*Attorneys for Defendants*