UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT C. ASHE and JEFFREY S. GOHN, Individually and on Behalf of All Other Similarly Situated,<br>            Plaintiffs,<br>    v.<br>ARROW FINANCIAL CORPORATION, THOMAS J. MURPHY, PENKO K. IVANOV, and EDWARD J. CAMPANELLA,<br>            Defendants. | Case No. 1:23-cv-00764-AMN-DJS |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Robert C. Ashe and Plaintiff Jeffrey S. Gohn (collectively, "Plaintiffs") on behalf of themselves and the Settlement Class, and Defendants Arrow Financial Corporation ("Arrow"), Thomas J. Murphy ("Murphy"), Penko K. Ivanov ("Ivanov"), and Edward J. Campanella ("Campanella" and, together with Murphy and Ivanov, the "Individual Defendants," and together with Arrow, "Defendants") have entered into the Stipulation and Agreement of Settlement, dated June 7, 2024 ("Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court, entitled *Ashe v. Arrow Financial Corporation et al.*, No. 1:23-cv-00764-AMNDJS (N.D.N.Y) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 26th day of August, 2024, that:

1

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Arrow Securities between August 6, 2022 and May 12, 2023, both dates inclusive, and who were allegedly damaged thereby.

3. Excluded from the Settlement Class are (i) Individual Defendants; (ii) the officers and directors of Arrow, at all relevant times; (iii) members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons who, and entities which, exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

4. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have likely been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, the Court determines that it will likely find at the final

approval stage that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action. Therefore, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Plaintiffs and appointed by the Court, are hereby appointed as class counsel for the Settlement Class ("Class Counsel").

6. The Court finds that (a) the Stipulation appears to have resulted from good faith, arm's length negotiations, and (b) the Stipulation appears to be sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

7. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on January 10, 2025 for the following purposes: (a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied; (b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court; (c) to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation; (d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (e) to consider the application of Class Counsel for an award of attorneys'

fees, expenses, and awards to the Class Representatives; (f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Hearing; and (g) to rule upon such other matters as the Court may deem appropriate.

8. The Court approves the form, substance, and requirements of (a) the Notice of Pendency and Proposed Settlement of Securities Class Action ("Notice"), (b) the Proof of Claim and Release Form, and (c) the Summary Notice of Pendency and Proposed Securities Class Action Settlement ("Summary Notice"), all of which are attached as Exhibits A-1, A-2, and A-3, respectively, to the Stipulation.

9. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services, Inc. is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11. Within thirty (30) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email the Notice to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Settlement Stipulation as Exhibit A-1 or (b) cause the Notice, substantially in the form annexed to the Settlement Stipulation as Exhibit A-1, if no electronic mail address can be obtained, to be mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified

with reasonable effort by Class Counsel, through the Claims Administrator.

12. The Court approves the appointment of Huntington National Bank as the Escrow Agent. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $125,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

13. If not yet completed according to ¶ 8.6 of the Stipulation, no later than twenty (20) calendar days after the date of this Order, Arrow shall provide and/or cause its transfer agent to provide to Class Counsel, at no cost to Plaintiffs, transfer records information concerning the identity of Settlement Class Members in a usable electronic format, such as an excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Arrow securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice, either: (i) request copies of the Notice sufficient to send the Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Notice and email the Notice in electronic format to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a Notice electronically. Nominees or

custodians who elect to send the Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Additional copies of the Notice shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners, up to a maximum of $0.05 plus postage at the rate used by the Claims Administrator per Notice mailed, or emailing of Notice up to $0.05 per email, or up to $0.05 per name and address, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing (i.e., on or before January 3, 2025), serve upon Defense Counsel and file with the Court proof of the mailing of the Notice as required by this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Notice, and the Proof of Claim and Release Form to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published once in Investor's Business Daily and transmitted once over the PR Newswire within thirty (30) calendar days after the entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing (i.e., no later than January 3, 2025), serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 77z-1(a)(7); constitute the best notice

practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

    a. A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, www.strategicclaims.net/Arrow/ by 11:59 p.m. EST on January 17, 2025; or (b) at the Post Office Box indicated in the Notice, postmarked no later than January 17, 2025 (seven (7) calendar days after the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (a) the Person submitting the claim ("Claimant") receives a confirmation notice from the Claims Administrator for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.

    b. The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the

provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the

>  Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.
>
>  d. As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of the Proof of Claim and Release Forms.

20. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than December 20, 2024 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the

Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in Ashe v. Arrow Financial Corporation et al., No. 1:23-cv-00764-AMN-DJS (N.D.N.Y)", and (B) state the identity and number of Arrow securities that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Arrow securities during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Arrow securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25. The Court will consider objections to the Settlement, the Plan of Allocation, and the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has (A) served copies of any objections, papers, and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing date (i.e., no later than December 20, 2024):

PLAINTIFFS' COUNSEL:

Brenda Szydlo, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016

DEFENSE COUNSEL:

William J. Sushon, Esq.
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019

and (B) that Person has no later than December 20, 2024 (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Northern District of New York, 445 Broadway, Albany, New York 12207. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of Arrow securities during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support

known to the Settlement Class Member and/or his, her, or its counsel, and (4) the name, address, and telephone number of counsel who represent the Settlement Class Member. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing, that is, no later than December 13, 2024.

28. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days before the Settlement Hearing, that is, no later than January 3, 2025.

29. Defendants, Defense Counsel, the insurers, and other Released Defendant Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees, expenses or awards to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

30. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled or terminated pursuant to the Stipulation, all proceedings, including motions and discovery, in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

31. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

32. Neither the Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, Defense Counsel, the insurers, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected

with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

33.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed before April 22, 2024, pursuant to the terms of the Stipulation.

34.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶7 above, or to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket. The Court further reserves the right to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class, and reserves the right to enter an order and final judgment approving the Settlement and dismissing the Action with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the

Settlement Stipulation be enforced.

    35.    The Court hereby sets the following schedule of events:

| Event | Deadline for Compliance |
|---|---|
| **Emailing and/or mailing Notice; Creating website with Stipulation, Notice, and Claim Form posted.** | No later than 30 calendar days after the entry of the Preliminary Approval Order, which is September 25, 2024. (¶¶ 11, 16) |
| **Publication of the Summary Notice.** | No later than 30 calendar days after entry of Preliminary Approval Order, which is September 25, 2024. (¶ 17) |
| **Date for Plaintiffs to file papers in support of the Settlement, the Plan of Allocation, and for application of attorneys' fees and expenses.** | No later than 28 calendar days before the Settlement Hearing, which is December 13, 2024. (¶ 27) |
| **Submission deadline for requests for exclusion.** | No later than 21 calendar days before the Settlement Hearing, which is December 20, 2024. (¶ 21) |
| **Submission deadline for objections.** | No later than 21 calendar days before the Settlement Hearing, which is December 20, 2024. (¶ 25) |
| **Submission deadline for Claim Forms.** | No later than 7 calendar days after the Settlement Hearing, which is January 17, 2025. (¶ 19) |
| **Date for Plaintiffs to file reply papers in support of the Settlement, the Plan of Allocation, and for application of attorneys' fees and expenses.** | No later than 7 calendar days before the Settlement Hearing, which is January 3, 2025. (¶ 28) |
| **Date for Settlement Hearing** | January 10, 2025, at 11:00 A.M. |

**IT IS SO ORDERED.**

**DATED: August 26, 2024**

*/s/ Anne M. Nardacci*
Honorable Anne M. Nardacci
UNITED STATES DISTRICT JUDGE