**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT C. ASHE and JEFFREY S. GOHN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ARROW FINANCIAL CORPORATION, THOMAS J. MURPHY, PENKO K. IVANOV, and EDWARD J. CAMPANELLA, <br><br> Defendants. | **Case No. 1:23-cv-00764-AMN-DJS** <br><br> **CLASS ACTION** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (I) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (II) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

POMERANTZ LLP
Jeremy A. Lieberman
Brenda Szydlo (admitted *pro hac vice*)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
dferrogari@pomlaw.com

*Attorneys for Plaintiffs and the Class*

## **TABLE OF CONTENTS**

I.    THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE PROGRAM
      AS APPROVED BY THE COURT ..................................................................................... 2

II.   THE LACK OF OBJECTIONS SUPPORTS FINAL APPROVAL OF THE
      SETTLEMENT AND APPROVAL OF THE REQUESTED ATTORNEYS' FEES,
      EXPENSES, AND AWARDS TO PLAINTIFFS ............................................................... 2

III.  THE FACT THAT THERE ARE NO REQUESTS FOR EXCLUSION STRONGLY
      SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND APPROVAL OF
      THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND AWARDS TO
      PLAINTIFFS ..................................................................................................................... 4

IV.   CONCLUSION................................................................................................................... 4

Lead Plaintiff Robert C. Ashe ("Lead Plaintiff") and Plaintiff Jeffrey S. Gohn (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their motions for (I) final approval of the proposed class action Settlement (Dkt. No. 41, "Final Approval Motion"); and (II) an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs (Dkt. No. 42, "Fee Motion"). Plaintiffs also submit the Supplemental Declaration of Brenda Szydlo, dated January 2, 2025 ("Supp. Szydlo Decl.") and the Supplemental Declaration of Sarah Evans, dated January 2, 2025 ("Supp. Evans Decl.") in support of their motions.[1]

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiffs, or to opt out of the Settlement Class, was December 20, 2024. Dkt. No. 39 (Preliminary Approval Order) ¶¶21, 25, 35. To date, not one objection has been filed (timely or otherwise). Supp. Szydlo Decl. ¶4; Supp. Evans Decl. ¶10. Additionally, no putative Settlement Class Members have requested to be excluded from the Settlement Class. Supp. Evans Decl. ¶9. Further, to date, the Claims Administrator has received 161 claims[2] from potential Class Members. *Id.* ¶11.

Therefore, the reaction of Settlement Class Members strongly supports approval of the Settlement and requested attorneys' fees, expenses, and awards to Plaintiffs. The Court should grant the Final Approval Motion and Fee Motion and it should enter the [Proposed] Order and Final Judgment (Dkt. No. 37-8).

---

[1] All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated June 7, 2024 (the "Stipulation") (Dkt. No. 37-3). Emphasis is added and internal citations and quotations are omitted unless otherwise specified. The Supp. Evans Decl. is attached as Exhibit 1 to the Supp. Szydlo Decl.

[2] A large number of claims (especially those from nominees and third-party filers) are submitted just prior to the claim filing deadline (*i.e.*, January 17, 2025). Supp. Evans Decl. ¶11. Accordingly, the Claims Administrator anticipates receiving a large number of additional claims for this matter in the coming days and right before the claim filing deadline. *Id.*

1

## I.    THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE PROGRAM AS APPROVED BY THE COURT

Pursuant to the Preliminary Approval Order, the Claims Administrator completed a robust notice program, which included disseminating 7,034 copies of the Notice and Proof of Claim Form ("Notice Packet") to identifiable potential Settlement Class Members or their nominees, publishing the Summary Notice in *Investor's Business Daily* and electronically over *PR Newswire*, and publishing relevant Settlement documents on the Claims Administrator's website. *See* Supp. Evans Decl. ¶¶2-8; *see also* Declaration of Sarah Evans Concerning: (A) Dissemination of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Evans Decl.") (Dkt. No. 41-3) ¶¶11, 13.

The Notice describes the Action and the Settlement, provides information about Settlement Class Members' rights, and directs potential Settlement Class Members to the Claims Administrator's website for additional information and online claim filing. *See* Evans Decl., Ex. A. The Notice includes the Plan of Allocation and provides greater detail about the Action, the Settlement, and the procedures to file a claim, request exclusion from the Settlement Class, or object to the Settlement. *Id.* The Notice and Summary Notice informed Settlement Class Members of their right to: (i) submit an objection; or (ii) request exclusion from the Settlement Class. *See* Evans Decl., Ex. A ¶¶10, 14.

## II.    THE LACK OF OBJECTIONS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND APPROVAL OF THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFFS

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209

F.3d 43 (2d Cir. 2000). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) *superseded on other grounds*, Fed. R. Civ. P. 23(e)(2), *as recognized in Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

A favorable reaction by settlement class members is also evidence supporting approval of a plan of allocation. *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2013 WL 4525323, at *13 (E.D.N.Y. Aug. 27, 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objections also supports awarding the requested attorneys' fees and expenses and awards to Plaintiffs. *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *1, *10-12 (S.D.N.Y. Nov. 7, 2007) (reaction of class members "is entitled to great weight by the Court" and the absence of any objections to the fee request, expenses, and award to plaintiff supports their "fairness and reasonableness"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable"); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 325 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

Here, no Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested awards to Plaintiffs. *See* Supp. Szydlo Decl. ¶4; Supp. Evans Decl. ¶10.

## III.    THE FACT THAT THERE ARE NO REQUESTS FOR EXCLUSION STRONGLY SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND APPROVAL OF THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFFS

The exclusion deadline was December 20, 2024, and no Settlement Class Members have requested exclusion from the Settlement Class. *See* Supp. Szydlo Decl. ¶4; Supp. Evans Decl. ¶9. This too favors granting final approval of the settlement and the requested attorneys' fees, expenses, and awards to Plaintiffs. *See, e.g.*, *Luxottica*, 233 F.R.D. at 312 (lack of requests for exclusion from settlement "strongly supports approval of the settlement"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619-20 (S.D.N.Y. 2012) (where only 16 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement") (collecting cases); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *2 (S.D.N.Y. July 27, 2007) (approving settlement and request for attorney's fees where "[n]ot a single Class member [ ] [f]iled an objection to the proposed Settlement, the Plan of Allocation, or the fee application, or sent in a valid exclusion request").

## IV.    CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, the Court should: (1) find that the Settlement and the Plan of Allocation are fair, reasonable, and adequate, and grant the Final Approval Motion in full; (2) approve Lead Counsel's application for an award

of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs as described in the Fee

Motion; and (3) enter the [Proposed] Order and Final Judgment.[3]

Dated:  January 2, 2025                                    Respectfully submitted,

                                                          POMERANTZ LLP

                                                          */s/ Brenda Szydlo*
                                                          Jeremy A. Lieberman
                                                          Brenda Szydlo (admitted *pro hac vice*)
                                                          Dean P. Ferrogari (admitted *pro hac vice*)
                                                          600 Third Avenue, 20th Floor
                                                          New York, New York 10016
                                                          Telephone: (212) 661-1100
                                                          Facsimile: (917) 463-1044
                                                          jalieberman@pomlaw.com
                                                          bszydlo@pomlaw.com
                                                          dferrogari@pomlaw.com

                                                          *Attorneys for Plaintiffs and the Class*

---

[3] A [Proposed] Order and Final Judgment was previously submitted. Dkt. No. 37-8. The Settlement is conditioned on entry of the [Proposed] Order and Final Judgment. *See* Stipulation ¶11.1(iv).

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 2, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


By: */s/ Brenda Szydlo*
Brenda Szydlo

1