UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT C. ASHE and JEFFREY S. GOHN,
Individually and on Behalf of All Others
Similarly Situated,

                        1:23-cv-00764 (AMN/DJS)

                Plaintiffs,

v.

ARROW FINANCIAL CORP., THOMAS J.
MURPHY, PENKO K. IVANOV, and
EDWARD J. CAMPANELLA,

                Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **POMERANTZ LLP** <br> 600 Third Avenue - 20th Floor <br> New York, NY 10016 <br> *Attorneys for Plaintiffs* | **JEREMY A. LIEBERMAN, ESQ.** <br> **BRENDA SZYDLO, ESQ.** <br> **DEAN P. FERROGARI, ESQ.** |
| **O'MELVENY & MYERS LLP** <br> 1301 Avenue of the Americas - Suite 1700 <br> New York, NY 10019 <br> *Attorneys for Defendants* | **WILLIAM SUSHON, ESQ.** <br> **JAVED S. YUNUS, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

### ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

IT IS HEREBY ORDERED THAT:

      1.     Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

      2.     The distribution plan for the Net Settlement Fund as set forth in the Declaration of

Sarah Evans Concerning the Results of the Claims Administration Process (the "Evans

Declaration") and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities, remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit B to the Evans Declaration, at the direction of Lead Counsel, Pomerantz LLP, pursuant to the Stipulation and Agreement of Settlement filed with the Court on June 7, 2024 (the "Stipulation") (Dkt. No. 37-3) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action (Dkt. No. 37-5) that was distributed pursuant to this Court's prior Order.

3. As set forth in the Evans Declaration, the administrative determinations of the Claims Administrator, in accepting and rejecting claims, are approved. Specifically, the administrative determinations of the Claims Administrator accepting those claims set forth in Exhibit B to the Evans Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting the claims set forth in Exhibits D and E to the Evans Declaration are approved.

4. Any claims postmarked or submitted online after February 18, 2025, and any responses to deficiency and/or rejection notices received after May 29, 2025, are, and shall be, rejected.

5. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead

Counsel and the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after SCS has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is de minimis and such remaining balance will then be distributed pursuant to a method approved by the Court.

8. SCS is authorized to discard paper copies of claims and all supporting documentation no less than one year after the final distribution of the Net Settlement Fund. SCS is also authorized to destroy the electronic copies of the claims and all supporting documentation no less than one year after all funds have been distributed.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

**IT IS SO ORDERED.**

Dated: October 22, 2025
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge